Joshua W. Cox, No. 1033283
Stinson LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, D.C. 20006
Tel: (202) 785-9100
Fax: (202) 572-9943
joshua.cox@stinson.com
*Attorneys for Marc E. Albert, Trustee*

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: | ) |
| | ) |
| JOHN A.C. CARTNER, | ) Case No. 20-00399 |
| | ) (Chapter 7) |
| Debtor. | ) |
| | ) |

### TRUSTEE'S OBJECTION TO CLAIM NO. 5 FILED BY NANCY BRAND AND NOTICE OF DEADLINE TO FILE AND SERVE OPPOSITION TO OBJECTION
**(Claim No. 5 – Nancy Brand)**

TO THE HONORABLE ELIZABETH L. GUNN, BANKRUPTCY JUDGE:

COMES NOW Marc E. Albert, Chapter 7 trustee of the estate of John A.C. Cartner ("Debtor"), by and through counsel, Stinson LLP, and states his Objection to Claim Number 5 filed by Nancy Brand ("Objection") as follows:

## BACKGROUND

1. On September 29, 2020 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code.

2. On September 30, 2020, the United States Trustee appointed Angela Shortall as Subchapter V trustee. [ECF Dkt. No. 10].

3. On December 3, 2020, this Court entered an order converting the Debtor's case to Chapter 7, and Marc E. Albert was appointed as Chapter 7 trustee of the Debtor's estate. [ECF

Dkt. No. 59]. Marc E. Albert currently serves as the duly appointed and qualified trustee ("Trustee") for the Debtor's chapter 7 estate.

4. Pursuant to § 502 of 11 U.S.C. §§ 101 – 1532 (the "Bankruptcy Code"), the Trustee may initiate and prosecute claims objections.

5. On October 30, 2020, Nancy Brand ("Claimant") filed Claim Number 5 ("Claim") in this matter.

6. The Claim, which is in the amount of $83,675.06, was filed as a secured claim in the full amount of $83,675.06, with the basis as court judgment on money loaned.

7. The Claimant attached a judgment granted by the General Court of Justice Superior Court Division in the North Carolina (Carteret County) in favor of the Claimant against the Debtor in the amount of $78,385.00, plus interest at the legal rate from December 11, 2019 until Claimant is paid and satisfied in full, plus costs of court (the "Foreign Judgment").

8. The Claimant did not provide any supporting documents indicating that she has any judgment lien recorded on the Debtor's property in the locale in which the property is located.

## JURISDICTION

9. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

10. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## OBJECTION

11. In this Objection, the Trustee objects to the "secured" status of the Claim, but will allow the entire amount as a general unsecured claim.

12. Section 502(b)(1) of the Bankruptcy Code provides that:

2

> (b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
>
>> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured; . . .

11 U.S.C. § 502(b).

13. As explained below, the Trustee's objections to the Claim are based on § 502(b)(1) in that the amounts objected to are unenforceable against the Debtor as a secured claim, either under agreement or under applicable law.

14. The Trustee objects to the secured status of the Claim because a proof of claim based on the Foreign Judgment should be filed as a general unsecured claim. The Claimant did not provide any supporting documents to show that the money loaned to the Debtor is secured by any collateral. Neither did the Claimant provide any documents showing that the Foreign Judgment has become a judgment lien recorded on the Debtor's property in the locale in which the property is located.

15. Therefore, the Trustee objects to the secured status of the Claim but will allow it as a general unsecured claim.

## RESERVATION OF RIGHTS

16. The Trustee reserves the right to object further to the Claim, to the extent not disallowed and expunged, on any and all additional factual or legal grounds.  Without limiting the generality of the foregoing, the Trustee specifically reserves the right to amend this Objection, file additional papers in support of this Objection, or take other appropriate actions, including to: (a) respond to any allegations or defenses that may be raised in a response filed by or on behalf of the Claimant or other interested parties; (b) object further to the Claim to the

3

extent the Claimant provides (or attempts to provide) additional documentation or substantiation; (c) object further to the Claim based on additional information that may be discovered upon further review by the Trustee or through discovery pursuant to the applicable provisions of the Bankruptcy Rules; and (d) in the event the Trustee deems it necessary, redesignate this Objection as to the Claim.  In addition, as described above, the Trustee reserves and retains his rights to object to the Claim on any available ground.

## **NOTICE OF DEADLINE TO FILE AND SERVE OPPOSITION TO OBJECTION**

PLEASE TAKE NOTICE THAT the Trustee has filed an objection to Claim Number 5 filed by Nancy Brand (the "Objection").

**Your rights may be affected, including reduction, modification, or elimination of your claim.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to approve the Objection, or if you want the Court to consider your views on the matter, then on or before **September 24, 2023**, you or your attorney must:

File with the Court a written objection or other response to the Objection stating with particularity the grounds with which you base your objection or otherwise explaining you position, at:

Clerk, U.S. Bankruptcy Court
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, N.W.
Washington, D.C. 20001.

If you mail your objection to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

You must also mail a copy of your objection to:
Joshua W. Cox
Stinson LLP
1775 Pennsylvania Ave, NW, Suite 800
Washington, D.C. 20006

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Objection and may enter an order sustaining the objection. The Court may

4

sustain the objection without a hearing if the opposition filed states inadequate grounds for overruling the objection.

Parties in interest with questions may contact the undersigned.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

a. Sustaining the objection to Claim No. 5 as requested herein; and

b. disallowing the secured status of Claim No. 5 but allowing it as a general unsecured claim; and

c. Granting such other and further relief as is just and proper.


Dated:  August 25, 2023                     Respectfully submitted,

/s/ Joshua W. Cox
Joshua W. Cox, No. 1033283
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
Tel. (202) 785-9100
Fax (202) 572-9943
joshua.cox@stinson.com
*Attorneys for Marc E. Albert, Trustee*

154985532.1
CORE/0773380.0242/184030034.1

# **CERTIFICATE OF SERVICE**

      I hereby certify that on August 25, 2023, I did serve a copy of the foregoing Trustee's Objection to Claim Number 5 Filed by Nancy Brand and Notice of Deadline to File and Serve Opposition to Objection, electronically via the Court's ECF system, and by first class mail, postage prepaid, upon the following:

| | |
|---|---|
| Nancy Brand<br>20222 Middletown Rd<br>Cornelius, NC 28031 | Jae Won Ha<br>Whiteford Taylor & Preston<br>3190 Fairview Park Drive. Suite 800<br>Falls Church, VA 22042 |
| Gary L. Cargile<br>Cape Fear Land Company<br>5228 Leisure Circle<br>Wilmington, NC 28409 | John A C Cartner<br>1629 K. Street, NW<br>Suite 300<br>Washington, DC 20006 |
| Dylan G. Trache<br>Nelson Mullins Riley & Scarborough LLP<br>101 Constitution Avenue, N.W.<br>Suite 900<br>Washington, DC 20001 | Ciara L. Rogers<br>The Law Offices of Oliver & Cheek, PLLC<br>405 Middle Street<br>New Bern, NC 28563 |
| Arthur P. Lander<br>300 N. Washington St. #104<br>Alexandria, VA 22314 | Mike Gurkins<br>Country Boys Auction & Realty, Inc.<br>1211 W. Fifth Street<br>Washington, DC 27889 |
| | Michael T. Freeman, Esq.<br>Kristen Eustis, Esq.<br>Office of the United States Trustee<br>1725 Duke Street, Suite 650<br>Alexandria, VA 22314 |

      /s/ Joshua W. Cox
      Joshua W. Cox

154985532.1
CORE/0773380.0242/184030034.1