Joshua W. Cox, No. 1033283
STINSON LLP
1775 Pennsylvania Ave., NW, Suite 800
Washington, DC 20006
Tel. (202) 785-9100
Fax (202) 572-9943
E-Mail: joshua.cox@stinson.com
*Attorneys for Marc E. Albert, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | Case No. 20-00399 |
| JOHN A.C. CARTNER, | ) | (Chapter 7) |
| | ) | |
| Debtor. | ) | |
| | ) | |

_____

**THIRD AND FINAL APPLICATION FOR APPROVAL OF COMPENSATION FOR TRUSTEE'S COUNSEL FROM SEPTEMBER 1, 2022 THROUGH SEPTEMBER 30, 2023**

Stinson LLP ("Attorneys"), counsel for Marc E. Albert ("Trustee"), as Chapter 7 trustee for the bankruptcy estate of John A.C. Cartner (the "Debtor"), hereby applies for the allowance and payment of fees and expenses incurred for the period from September 1, 2022 through September 30, 2023 (the "Application Period"), and in support thereof, respectfully states as follows:

**I.      BACKGROUND**

The Debtor owned a 100 percent fee simple interest in 712 Tiber Pitt 3, LLC, a South Dakota limited company that itself owns a 100 percent fee simple interest in two separate parcels of real property located at 4070 Beargrass Rd. ("Farmland Property") and 0 Tucker Bullock Rd. ("Timberland Property") in Pitt County, North Carolina. The Debtor's Schedule A/B listed certain personal property housed in storage numbers 359 and 407 located at 1795 Live Oak St Beaufort, North Carolina (the "Beaufort Facility"). Further correspondence from the Debtor to the Trustee showed that the Debtor also has some files and office furniture stored in another storage unit

located in Gaithersburg, Maryland (the "Maryland Facility"). During the course of the case through, largely through depositions and other inquiries generated as part of Adversary Proceeding No. 21-10007 (the "UST Adversary Proceeding") brought against the Debtor by the Office of the United States Trustee objecting to the Debtor's discharge, the Trustee became aware of additional personal property held in additional storage units that the Debtor claimed had been gifted by him previously to his daughter through a Deed of Gift, but that the Trustee believed to be rightful property of the Debtor's bankruptcy estate. This property was located in other storage units in the state of North Carolina including in two previously undisclosed storage units at the Beaufort Facility and in two more storage units numbers at a separate facility named Cedar Point Storage located at 1062 Cedar Point Blvd., Cedar Point, NC 28584 (the "Cedar Point Facility", together with the "Beaufort Facility" and the "Maryland Facility", collectively the "Facilities")[1]. The Debtor is a defendant in receivership cases pending before the District Court for Clark County, Nevada along with the assets of several entities in which the Debtor asserts an ownership interest (the "Receivership Cases").

On September 29, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code. On September 30, 2020, the United States Trustee appointed Angela Shortall as Subchapter V trustee [ECF Dkt. No. 10]. On December 3, 2020, this Court entered an order converting the Debtor's case to Chapter 7, and Marc E. Albert was appointed as Chapter 7 trustee of the Debtor's estate [ECF Dkt. No. 59]. Marc E. Albert currently serves as the duly appointed and qualified trustee ("Trustee") for the Debtor's chapter 7 estate. Following appointment of the Trustee, the Trustee filed an application to authorize

---

[1] The Debtor claims that the personal property held at the Cedar Point Facility and in units 244 and 255 at the Beaufort Facility are not property of the bankruptcy estate, but instead are owned by the Debtor's daughter, Natalie Fox, by virtue of a Deed of Gift from the Debtor to his daughter dated March 31, 2016. Disposition of the property in question was settled through a settlement reached between the Trustee and the debtor and approved by the Court.

CORE/0773380.0242/183814762.1

retention of Attorneys on February 24, 2021 [ECF Dkt. No. 68] under the authority granted by §

327 of the Bankruptcy Code. This Court entered an Order granting the application to authorize

retention of Attorneys as counsel for Trustee on March 17, 2021 [ECF Dkt. No. 80]. The Order

authorizing retention states that the compensation of Attorneys shall be subject to further order of

this Court, after notice and an opportunity for a hearing.

## II.    SERVICES RENDERED

Attorneys have represented the Trustee with respect to all aspects of this case. During the

period covered by this application, Attorneys assisted the Trustee in reviewing and revising an

application for final compensation of Trustee's accountant. Attorneys also assisted the Trustee

with responding to status update requests from creditors, monitoring the Debtor's settlement

payment status, reviewing claims to estimate likely disbursals and preparing an objection to a

claim.

Attorneys rendered the ordinary, necessary services required of counsel to a Chapter 7

Trustee. These services are broken down into several categories as follows:

### A.    Asset Disposition – Monitoring Settlement Payments Status

During the Application Period, Attorneys assisted the Trustee with monitoring the status

of the Debtor's check deposit in connection to the settlement concerning, among other things, the

disposition of all personal property stored at the Facilities. Attorneys also assisted in updating

counsel for the receiver in the Receivership Cases with the Debtor's settlement payment status.

### B.    Objection to Claims

During the Application Period, Attorneys assisted the Trustee with reviewing proofs of

claim filed against the estate. After reviewing the proofs of claim and their supporting

documentation, Attorneys assisted in preparing an objection to Claim Number 5, a general

unsecured claim improperly filed as a secured claim. On August 25, 2023, the Attorneys assisted

3

in filing the *Trustee's Objection to Claim No. 5 Filed by Nancy Brand and Notice of Deadline to File and Serve Opposition to Objection* (the "Brand Claim Objection") [ECF Dkt. No. 138]. An order sustaining the Brand Claim Objection was entered on October 4, 2023 [ECF Dkt. No. 139].

### C.     General/Case Administration

Attorneys represented the Trustee and assisted in general matters associated with the administration of the case. In the course of the representation, Attorneys corresponded with the Trustee regarding various aspects of the case and provided information to the Trustee at his request. Attorneys helped the Trustee in monitoring and ensuring compliance of the Trustee and settlement parties with the payment and other terms reached in the approved settlements. Attorneys also corresponded with the employed accountant for the estate, Arthur Lander ("Mr. Lander") and the receiver's counsel in the Receivership Cases. Attorneys further engaged in correspondence with the debtor concerning his settlement payments. Attorneys also engaged in correspondence with creditors' attorneys regarding case status and likely disbursements.

Attorneys periodically responded to inquiries and provided updates on the status of the Debtor's case to the Office of the U.S. Trustee, as well as other interested parties.

### D.     Employment and Fee Applications and Objections

During the Application Period, Attorneys worked to file *the Second Interim Application for Approval of Compensation for Trustee's Counsel from October 1, 2021 Through August 31, 2022* on September 15, 2022 [ECF Dkt. No. 133], which was approved by Court Order on October 12, 2022 [ECF Dkt. No. 136]. Attorneys also worked to review and revise the final application for compensation for the Trustee's accountant [ECF Dkt. No. 134], which was approved by Court Order on October 12, 2022 [ECF Dkt. No. 135]. Finally, Attorneys worked to prepare this application for compensation for its services to the Trustee.

4

### III.    PRIOR APPLICATIONS FOR COMPENSATION

This is the third and final application for compensation by Attorneys. Attorneys previously filed their first interim application for services rendered from February 15, 2021 through September 30, 2021 on October 18, 2021 [ECF Dkt. No. 111]. An order approving Attorneys' first interim application was entered on November 10, 2021 [ECF Dkt. No. 112] approving fees of $17,470.50 and expenses of $153.26. Attorneys filed their second interim application for services rendered from October 1, 2021 through August 31, 2022 on September 15, 2023 [ECF Dkt. No. 133]. An order approving Attorneys' second interim application was entered on October 12, 2022 [ECF Dkt. No. 136] approving fees of $20,772.50 and expenses of $218.51.

### IV.    INFORMATION REQUIRED BY RULE 2016

As required by Federal Rule of Bankruptcy Procedure 2016, Attorneys disclose that they have not received a retainer. No other compensation was promised except for compensation on an hourly basis for services performed as set forth herein.  No compensation received has been shared. There is no understanding between Attorneys and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with this case.

### V.    VALUE OF SERVICES

#### A.    <u>Computation of Value</u>

The services rendered were important, necessary, valuable, constructive, positive and reasonable, and were all rendered with the objective of assisting the Trustee in administering this estate. The expenses incurred in Attorneys' representation of the Trustee were reasonable and necessary.

The fees charged and expenses advanced by Attorneys during this application period, using the "lodestar" method of fee computation, are:

5

| Fees | Expenses |
|------|----------|
| **$10,00.00 (voluntarily reduced from $12,039.00)** | **$14.31** |

A summary of all services rendered by the professionals in this matter is attached hereto as **Exhibit A**. Copies of the records of the time entries made by all of the professionals rendering service to the Trustee are attached hereto as **Exhibit B**. Time entries on Exhibit B that are marked with a "**T**" are for work that is more properly classified as a trustee task, and no compensation for this time is being sought in this Application.

### B.      Identification of Professionals Rendering Service

Services were rendered by Joshua W. Cox (at $390.00/hour for time from December 1, 2021 through November 30, 2022, and at $450.00/hour for time completed on or after December 1, 2022) and Ruiqiao Wen (at $330.00/hour for time from December 1, 2021 through November 30, 2022, and at $375.00/hour for time completed on or after December 1, 2022). Stinson LLP typically institutes hourly rate updates on December 1 of each year.

### C.      Billing Discretion

It has been the normal practice of Attorneys in the representation of the Trustee, as in all cases, to bill certain types of matters with discretion. Certain services do not justify billing at all, and some only at an amount reduced from the actual time spent. Although, in some instances, the billing records will not reflect the amounts reduced or not billed by this Application, Attorneys are attempting to provide the Court with a narrative description of such items.

For example, it is rare for Attorneys to bill the Trustee for any time spent reading incoming correspondence. The time spent reviewing incoming material that does appear in the billing detail relates only to extraordinary pleadings, correspondence or other documents requiring immediate reply or other action.

CORE/0773380.0242/183814762.1

Attorneys further have agreed to a voluntary reduction of the fees sought in this Final Application, reducing the fees sought in the attached Exhibit A from $12,039.00 to $10,000.00. Additionally, Attorneys further had additional time entries occurring after September 30, 2023 for which they are not seeking compensation.

## VI.    EVALUATION STANDARDS

The appropriate evaluation standard is based upon the factors established in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974), and adopted in this Circuit in *In re AOV Industries, Inc.*, 797 F.2d 1004 (D.C. Cir. 1986), and based upon the "Guidelines," as discussed in detail herein below:

**A.    <u>Skill Required to Perform the Services Properly</u>:** Attorneys submit that the skill and competency level required of Chapter 7 Trustee's counsel is, at a minimum, the ordinary skill and competence required of experienced bankruptcy attorneys.

**B.    <u>Preclusion of Other Employment</u>:** Attorneys were not denied the opportunity to accept representations of other clients as a result of the rendition of service to the Trustee herein.

**C.    <u>Novelty and Difficulty of Questions</u>:** The work performed by Attorneys did not involve any truly novel or difficult questions, which would warrant any variation from the "lodestar" amount.

**D.    <u>Time and Labor Required</u>:** The time and labor required of Attorneys in connection with its representation of the Trustee is set forth in the time records attached hereto as Exhibit B. The amount of compensation sought through this Application is the "lodestar" amount, derived from the hours actually billed on this matter, as reflected in Exhibit A.

**E.    <u>The Customary Fee</u>:** The hourly rates charged by Attorneys for the services specified in Exhibit B are the customary rates charged by those individuals, and are "market rates"

for attorneys of comparable experience and expertise. No variance from practice of billing time at an hourly rate -- *i.e.*, through "value billing," was ever undertaken or permitted by Attorneys.

F.    **Fixed or Contingent:** The fees charged by Attorneys were determined at an hourly rate, based on time actually expended working on matters for the Trustee. The matter was not undertaken on any arrangement, promise or expectation other than the anticipation of payment for services rendered on an hourly basis, to the extent allowed by this Court.

G.    **Experience, Reputation and Ability of the Attorneys**: Attorneys collectively have extensive experience dealing with bankruptcy and bankruptcy litigation matters before this Court (and others). Applicant submits that Attorneys are generally well-regarded among their peers, and enjoy favorable reputations.

H.    **Awards in Similar Cases:** The compensation requested herein is similar to fee awards granted to other attorneys who have acted as counsel to trustees in cases bearing similarity to this case.

I.    **Time Limitations:** Attorneys were not burdened by any unusual time limitations.

J.    **Results Obtained:** Attorneys submit that their rendition of services to the Trustee precipitated good and economic results for the estate and its creditors. Attorneys seek no increment above the "lodestar" amount of their fees on account of the results achieved during the period covered by this Application.

K.    **Ability to Pay:** There are sufficient funds in the estate to pay Attorneys for the fees and expenses sought herein.

**VII.    FURTHER APPLICATION**

This is a third and final fee application of Attorneys as counsel to the Chapter 7 Trustee. Attorneys do not anticipate filing further application for compensation.

## VIII.    REIMBURSEMENT OF EXPENSES

Attorneys seek reimbursement of $14.31 in expenses incurred during this Application

Period for postage charges.

WHEREFORE, for all of the foregoing reasons, the Trustee requests that this Court enter

an order:

a.    approving the compensation as sought herein; and

b.    granting such other and further relief as this Court may deem just, equitable and

proper.

Dated: October 18, 2023                     Respectfully submitted,

/s/ Joshua W. Cox
Joshua W. Cox, No. 1033283
STINSON LLP
1775 Pennsylvania Ave., NW, Suite 800
Washington, DC 20006
Tel. (202) 785-9100
Fax (202) 572-9943
E-Mail: joshua.cox@stinson.com
*Attorneys for Marc E. Albert, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Third and Final Application for Approval of Compensation for Trustee's Counsel from September 1, 2022 through September 30, 2023 was served on October 18, 2023 to all parties registered to receive service through the Court's CM/ECF system and by first class mail, postage prepaid upon the following:

Nancy Brand                           Jae Won Ha
20222 Middletown Rd                   Whiteford Taylor & Preston
Cornelius, NC 28031                   3190 Fairview Park Drive. Suite 800
                                      Falls Church, VA 22042

Gary L. Cargile                       John A C Cartner
Cape Fear Land Company                1629 K. Street, NW
5228 Leisure Circle                   Suite 300
Wilmington, NC 28409                  Washington, DC 20006

CORE/0773380.0242/183814762.1

Dylan G. Trache
Nelson Mullins Riley & Scarborough LLP
101 Constitution Avenue, N.W.
Suite 900
Washington, DC 20001

Arthur P. Lander
300 N. Washington St. #104
Alexandria, VA 22314

Ciara L. Rogers
The Law Offices of Oliver & Cheek, PLLC
405 Middle Street
New Bern, NC 28563

Mike Gurkins
Country Boys Auction & Realty, Inc.
1211 W. Fifth Street
Washington, DC 27889

Michael T. Freeman, Esq.
Kristen Eustis, Esq.
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314

/s/ Joshua W. Cox
Joshua W. Cox

CORE/0773380.0242/183814762.1